**E-FILED on**    9/1/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PARTO TABATABAI,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY DISABILITY PLAN,<br><br>    Defendant. | No. C-06-00695 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY STANDARD OF REVIEW<br><br>**[Re Docket Nos. 16, 19, 22]** |

Defendant Hewlett-Packard Company Disability Plan moves for an order clarifying that the standard of review in this ERISA action is *de novo*. For the reasons set forth below, the court determines the standard of review is abuse of discretion.

## I. BACKGROUND

Plaintiff Parto Tabatabai formerly worked for the Hewlett-Packard Company ("HP") and was covered by the Hewlett-Packard Company Disability Plan. This plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and administered for HP by VPA, Inc.

ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY STANDARD OF REVIEW—No. C-06-00695 RMW
JAH

Plaintiff applied for long-term disability benefits under the plan. In a February 20, 2003 letter, VPA denied her claim, stating that

> The medical evidence in your file documents you suffer from depression and anxiety, as these conditions are limited to the initial 52 weeks under the Hewlett Packard Disability Plan; we cannot consider these conditions as part of your disability as of March 8, 2003. The medical documentation in your file does not show any other condition that would limit your ability to work, the objective medical evidence does not support that you are unable to continuously perform the duties of any occupation that you are qualified to perform, therefore, you are not considered Totally Disabled by the Plan, and as of March 8, 2003 your claim for Long Term Disability Benefits is being denied.

HP 125 (Green Decl., Ex. A).[1] In a July 24, 2003 letter (received by VPA on July 30), Tabatabai appealed VPA's denial. HP 77 (Green Decl., Ex. C). She explained that her mental health problems stemmed from "an adrenal mass and hormonal problems," and that she had been diagnosed with "Hashimoto disease" and "Cushing's disease." *Id*. She also stated that

> Because of my poor health, I have decided to stay with my family for a few months. During this time, I will not be able to communicate with you. I am leaving in a few days. Therefore, I am sending you my latest diagnosis for the appeal.

HP 78.

In an August 1, 2003 letter, VPA acknowledged Tabatabai's appeal and requested additional medical records. HP 76 (Green Decl., Ex. D). VPA continued that

> The appeal procedures clearly indicate that you must state in writing those reasons, along with examples, of why you feel the denial of your claim was in error. We are allowing you an additional 30 days to submit documentation in support of your contention that our denial was in error. If nothing further is received, our Administrative Review will be based upon the information we have in our files.

*Id*. VPA also stated that "the initial 45-day review period will be suspended pending receipt of this information." *Id*. On August 13, 2003, a VPA employee phoned Tabatabai and left her a message regarding the additional information requested. HP 4 (Supp. Curry Decl., Ex. A). In an August 25, 2003 letter, VPA informed Tabatabai that it was requesting medical records directly from her physicians and reiterated that "the initial 45-day review period will be suspended pending receipt of this information." HP 71 (Supp. Curry Decl., Ex. B).

---

[1] The parties have helpfully submitted excerpts of the administrative record, and citations to the administrative record in this order will refer to the Bates-stamped page numbers and the declaration containing the excerpt.

ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY STANDARD OF REVIEW—No. C-06-00695 RMW
JAH
2

1  VPA received additional medical records for Tabatabai by September 10, 2003.  HP 2
2  (Supp. Curry Decl., Ex. A).  VPA referred them to Dr. Gerald Weingarten, M.D., a physician
3  hired by VPA to review Tabatabai's medical records.  HP 44 (Supp. Curry Decl., Ex. C).  His
4  report of September 24, 2003 stated that "[s]he has not had confirmation of a diagnosis of
5  Cushing's disease" and that her "primary symptoms" were all caused by her "anxiety depressive
6  disorder and not any other illnesses including Hashimoto's thyroiditis and [her] adrenal adenoma."
7  HP 42 (Supp. Curry Decl., Ex. D).

8  VPA's attempt to contact Tabatabai by phone on October 30, 2003 was again unsuccessful.
9  HP 4 (Supp. Curry Decl., Ex. A).  In a November 3, 2003 letter, VPA informed Tabatabai that it
10 had not received all of the medical records requested, that it would proceed based on the records it
11 had on November 10, 2003, and that "the initial 45-day review period" remained suspended.  HP
12 34 (Supp. Curry Decl., Ex. E).  VPA finally spoke to Tabatabai the next day, and she sent VPA a
13 report from an MRI performed in March 2003.  HP 2, 31-33 (Supp. Curry Decl., Exs. A, F).

14 In a December 4, 2003 letter, VPA, relying on Dr. Weingarten's report, denied Tabatabai's
15 appeal.  HP 25-30 (Green Decl., Ex. E).  Approximately two years later, Tabatabai retained an
16 attorney who requested VPA reconsider its denial.  HP 447-48 (Green Decl., Ex. F).  VPA refused
17 to do so.  HP 8 (Supp. Curry Decl., Ex. G).  Tabatabai then initiated this action.

## II. ANALYSIS

19 "[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed
20 under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary
21 authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire*
22 *& Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  When the plan confers discretion on the plan
23 administrator to determine eligibility for benefits, courts generally review the denial of benefits for
24 abuse of discretion.  *See id.*  A conflict of interest on the part of the plan administrator can convert
25 review for abuse of discretion into *de novo* review.  *Lang v. Long-Term Disability Plan of Sponsor*
26 *Applied Remote Tech., Inc*., 125 F.3d 794, 797 (9th Cir. 1997).

27 Here, plaintiff does not appear to dispute that the plan at issue gives the plan administrator
28 discretion, but does argue that the denial of her appeal was untimely, converting the standard of

review to *de novo*. The Ninth Circuit recently (during the briefing on this motion) clarified that "a procedural irregularity in processing an ERISA claim does not usually justify de novo review." *Abatie v. Alta Heath & Life Ins.*, __ F.3d __, 2006 WL 2347660 at *13 (9th Cir. Aug. 15, 2006) (*en banc*). The court held that

> A procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion. When an administrator can show that it has engaged in an ongoing, good faith exchange of information between the administrator and the claimant, the court should give the administrator's decision broad deference notwithstanding a minor irregularity. A more serious procedural irregularity may weigh more heavily.

*Id*. (citations and quotation marks omitted). Only "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well," is review *de novo*. *Id*. at *12.

Section 8(c) of the HP plan provides:

> The Claims Administrator shall act upon a request for review within forty-five (45) days after receipt thereof, unless special circumstances require additional time for review. If additional time for review is required, the review period may be extended for up to an additional forty-five (45) days for a total of ninety (90) days. The Claims Administrator will notify the claimant of the reasons for the delay prior to the expiration of the initial forty-five (45) day period and give a date when it expects to make a decision. The notice will also state the special circumstances requiring the extension.

HP 369-70 (Green Decl., Ex. B). By these terms, VPA had to act within forty-five days of receiving Tabatabai's appeal letter on July 30, 2003, *i.e.*, by September 13, 2003, and had to complete its review no later than ninety days after receiving Tabatabi's appeal letter, *i.e.*, by October 28, 2003. VPA's letters of August 1, August 25, and November 3 purported to suspend the running of the forty-five day limit but did not in so many words extend the period.

Tabatabai argues that VPA lacked power to suspend the running of the forty-five day time period or to extend the review beyond ninety days, and that her appeal is therefore to be deemed denied and subject to *de novo* review. Tabatabai's interpretation of section 8(c) of the plan appears correct; however, she is mistaken as to the results that flow from VPA's violation of the terms of the plan.

VPA was faced with a situation in which a claimant appealed and then disappeared. Tabatabai informed VPA that she would be *incommunicado* "for a few months." Whether VPA

ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY STANDARD OF REVIEW—No. C-06-00695 RMW JAH
4

could have, knowing that Tabatabai would not be participating in her appeal, nevertheless adhered to the ninety-day schedule of section 8(c) is not a question before this court, for that is not what VPA did. VPA instead gave Tabatabai more time to submit medical records. While the additional medical records may have been helpful to plaintiffs, they could also have bolstered VPA's denial. Under these circumstances, taking more time than allowed to decide her appeal was not a "wholesale and flagrant" violation but rather appears to have been done in good faith.[2]

When "a claim is deemed denied on review after the expiration of a given time period, there is no opportunity for the exercise of discretion and the denial is usually to be reviewed *de novo*." *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1103 (9th Cir. 2003). There is, however, no merit to Tabatabai's contention that her appeal should be deemed denied because VPA did not reach a decision within the time allowed. As the Ninth Circuit noted in *Jebian*, the provision of the regulations deeming claims denied by the passage of time was removed effective January 1, 2002. 349 F.3d at 1103 n.5. The plan here contains no provision deeming claims denied. *Jebian* does not apply to this situation. *See Freitas v. Delta Family-Care Disability & Survivorship & Survivorship Plan*, 2006 WL 1320932 at *2-3 (E.D. Cal. May 15, 2006). This court therefore will review VPA's decision to deny Tabatabai's claim for long-term disability benefits for abuse of discretion.

Plaintiff correctly pointed out at oral argument that *Abatie* does say that

> [e]ven when procedural irregularities are smaller, though, and abuse of discretion review applies, the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct.

2006 WL 2347660 at *14. However, the procedural irregularity here had the effect of developing the administrative record as opposed to keeping the record from being fully developed. Therefore, the court finds that additional discovery is not necessary. The evidence at trial will be limited to the administrative record.

---

[2] Furthermore, while section 8(c) required VPA to complete its review no later than October 28, 2003, VPA did complete its review by December 4, 2003, only five weeks late.

ORDER GRANTING DEFENDANT'S MOTION TO CLARIFY STANDARD OF REVIEW—No. C-06-00695 RMW JAH            5

### III. ORDER

For the foregoing reasons, the court grants defendant's motion and determines that the decision at issue will be reviewed for abuse of discretion based on the record before the plan administrator.

DATED: 9/1/06

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

William Green          bill@dgglaw.com

**Counsel for Defendant:**

Susan B. Burr          sburr@gibsondunn.com
Joseph P. Busch, III   jbusch@gibsondunn.com
Sally J. Berens        sberens@gibsondunn.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  9/1/06                          /s/ JH
                                      **Chambers of Judge Whyte**