1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**E-FILED on ___2/12/07___**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PARTO TABATABAI,

          Plaintiff,

    v.

HEWLETT-PACKARD COMPANY
DISABILITY PLAN,

          Defendant.

No. C-06-00695 RMW

ORDER DENYING PLAINTIFF'S MOTION
FOR ADDITIONAL DISCOVERY

**[Re Docket No. 28]**

Following this court's September 1, 2006 Order Granting Defendant's Motion to Clarify Standard of Review ("September 1 Order") establishing that this court will apply the abuse of discretion standard of review, plaintiff Parto Tabatabai moves for an order seeking additional discovery in order to establish whether defendant Hewlett-Packard Company Disability Plan had a conflict of interest that would potentially change the standard of review. *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Tech., Inc*., 125 F.3d 794, 797 (9th Cir. 1997) (a conflict of interest on the part of the plan administrator can convert review for abuse of discretion into *de novo* review).

United States District Court
For the Northern District of California

1    Plaintiff requests the opportunity to engage in additional discovery in light of *Abatie v. Alta*

2  *Heath & Life Ins.,* 458 F.3d 955 (9th Cir. 2006) (*en banc*).  *Abatie* held that a district court may, in

3  its discretion, consider evidence outside of the administrative record (1) when a plan administrator

4  has failed to follow a procedural requirement of ERISA, and (2) to decide the nature, extent, and

5  effect on the decision-making process of any conflict of interest.  *Id.* at 972-73 (failure to follow

6  procedure); *id.* at 970 (conflict of interest).

7    As to procedural irregularities, the court previously stated in its September 1 Order that the

8  procedural irregularity in the handling of plaintiff's claims had the effect of developing the

9  administrative record as opposed to keeping the record from being fully developed.  Thus, additional

10 discovery is not required.  Regarding a potential conflict of interest, plaintiff has not asserted in its

11 papers in what way Hewlett-Packard Company Disability Plan may be subject to a conflict of

12 interest and provides only a citation to the Ninth Circuit's recitation of general conflict of interest

13 considerations to guide her additional discovery.  *See id.* at 968.  Accordingly, the court concludes

14 that additional discovery is not necessary.  Pursuant to *Abatie*, the court will weigh any inherent

15 conflict and alleged procedural irregularities as factors in determining whether there is an abuse of

16 discretion.  This determination will be limited to the evidence set forth in the administrative record.

17

18

19

20 DATED:          2/12/07

    *Ronald M Whyte*

    RONALD M. WHYTE
    United States District Judge

21

22

23

24

25

26

27

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

William Green                    bill@dgglaw.com

**Counsel for Defendant:**

Susan B. Burr                    sburr@gibsondunn.com
Joseph P. Busch, III             jbusch@gibsondunn.com
Sally J. Berens                  sberens@gibsondunn.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____2/12/07_____                    _____/s/ MAG_____
                                                    **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

3